[Crim. No. 692.  First Appellate District.—September 17, 1917.]

## THE PEOPLE, Respondent, v. MAR FOW, Appellant.

CRIMINAL LAW—MURDER—EVIDENCE—AIDER AND ABETTER OF CRIME.—
A defendant is properly convicted of the crime of murder under
section 31 of the Penal Code as an aider and abetter of the killing,
regardless of the existence of a conspiracy between him and his
two associates, who were pursuing the deceased with intent to kill
him, notwithstanding the shot fired by the defendant, although
causing a serious wound, did not produce the death, which was
caused by a discharge of a bullet from the revolver of one of his
companions.

APPEAL from a judgment of the Superior Court of Ala-
meda County, and from an order denying a new trial. F. B.
Ogden, Judge.

The facts are stated in the opinion of the court.

Snook & Church, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

THE COURT.—The defendant was convicted of murder in
the first degree and sentenced to imprisonment for life, and
appeals from the judgment and from an order denying his
motion for a new trial.

The only point seriously urged for a reversal of the case
is that the evidence is insufficient to establish, so as to justify
the verdict of the jury, either that the defendant killed the
deceased or aided and abetted in said killing.

The person killed was of Chinese nationality as is also the
defendant and two other persons who with the defendant pur-
sued the deceased across a public street in the city of Oak-
land, firing revolvers at him, as the result of which attack
he died. Four gunshot wounds were inflicted upon the de-
ceased, of which three with thirty-eight caliber and one with a
thirty-two caliber bullet. One of the thirty-eight caliber bul-
let wounds was necessarily fatal, and the wound made by the
thirty-two caliber pistol, although serious, was not necessarily
a fatal wound. The defendant, pursued and apprehended
immediately after the killing, had on his person a thirty-two

caliber pistol, of which at least one of its charges had been fired. The appellant's argument is that since the fatal wound was caused by a thirty-eight caliber bullet, and it is not shown that the defendant fired any but a bullet of thirty-two caliber, he cannot lawfully be convicted as a principal in the crime unless there be evidence that the killing was the result of a conspiracy in which he participated, or unless the evidence shows that he aided in the crime of his fellow-countrymen.

Section 31 of the Penal Code provides that all persons concerned in the commission of a crime are principals.

In the present case there is much evidence from which the existence of a conspiracy between the defendant and his two companions to kill the deceased might justly be inferred, as, for instance, that the defendant and his companions were acting together in their pursuit of the deceased, and that the murder occurred during the existence of and as part of a tong war between two associations, of one of which the deceased was a member, and to the other of which the defendant—and presumably his companions—belonged; and that the defendant immediately after the killing fled to his tong's headquarters; but we think it is not necessary to rely on this principle of law to uphold the verdict and judgment, for we think the facts outlined as to the defendant's participation in the offense clearly amount to an aiding and abetting. The wound inflicted by the thirty-two caliber bullet was of so serious, although not necessarily fatal, a character that the jury were entitled to infer that it had contributed to the death of the deceased. The common pursuit of the deceased by the three persons intent upon his murder was in itself aid of the most effective character one to the other, as much so, in our opinion, as if one of them had seized their fleeing victim and held him down while the other two killed him. The cases cited by the appellant from other jurisdictions which appear to take a different view of the character of the common action of two or more persons in a simultaneous attack upon another do not commend themselves to us as based on sound reasoning. We prefer to follow a case decided in our own courts. (*People* v. *Petruzo*, 13 Cal. App. 569, 581, [110 Pac. 324, 329]), in which it was said: "It certainly would be a reproach to the law if it countenanced the doctrine that where A and B deliberately and unlawfully fire at C with intent to kill him, and one shot takes effect causing his death, but it

is uncertain whether A or B fired it, neither can be convicted of murder unless a conspiracy should be shown between them. In any rational view each must be considered as aiding and abetting the other, and both responsible for the homicide.'' It is evident that the same reasoning applies to a case where both fire at the deceased and it is apparent whose shot proved fatal.

For the reasons given the contention of the appellant must be disallowed and the judgment and order affirmed. It is so ordered.